UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO<br><br>         Plaintiff,<br><br> - against -<br><br>GANNETT SATELLITE INFORMATION NETWORK, LLC<br><br>         Defendant. | Docket No. 1:18-cv-2539 (JFK)<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff Jonathan Otto ("Otto" or "Plaintiff") by and through his undersigned counsel, as and for his First Amended Complaint against Gannett Satellite Information Network, LLC ("Gannett" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyright photograph of President Donald Trump crashing a wedding at the Trump National Golf Club in Bedminster, New Jersey, owned and registered by Otto. Accordingly, Otto seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

**Plaintiff Jonathan Otto**

5. Otto has a usual place of business at 1450 Washington Street, Hoboken, NJ 07030

6. Otto has licensed his photographs for a fee, including the photograph at issue in this litigation.

**Defendant Gannett**

7. Upon information and belief, Gannett is a foreign limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 1633 Broadway, New York, New York 10019.

8. Upon information and belief, Gannett is registered with the New York Department of State Division of Corporation to do business in New York.

9. At all times material hereto, Gannett has owned and operated a website at the URL: www.USAToday.com (the "Website").

10. Gannett is a for-profit entity.

11. Gannett is in the business of publishing news.

12. Gannett licenses photographs from photographers for use in Gannett's publications.

13. Gannett licenses photographs from photographers for use on the Website.

14. Gannett employs lawyers in-house who are knowledgeable about copyright law.

15. Gannett retains outside counsel who are knowledgeable about copyright law.

16. Gannett employs editors who are knowledgeable about licensing practices in the publishing industry.

17. Upon information and belief, Gannett provides written standards or practices to employees or independent contractors who are responsible for publishing content on the Website.

18. Upon information and belief, Gannett maintains a subscription agreement with third-party stock photography agents (e.g., Getty Images) which provides Gannett with access to millions of photographs, including photographs of President Trump.

19. Gannett pays fees to license individual photographs from stock photography agencies.

20. Gannett sometimes publishes news articles without any photographs.

21. In the past two years, Gannett has been sued for copyright infringement in the United States District Court, Southern District of New York at least 3 times.

## STATEMENT OF FACTS

**The Wedding – June 10, 2017**

22. On June 10, 2017, a wedding reception took place at Trump National Golf Club in Bedminster Township, New Jersey (the "Wedding").

23. U.S. President Donald Trump ("President Trump") made a surprise appearance at the Wedding or, in other words, President Trump crashed the wedding.

24. President Trump's surprise appearance at the Wedding was a newsworthy event.

25. Plaintiff attended the wedding.

**Otto's Photograph of President Trump**

26. Plaintiff photographed President Trump crashing the Wedding (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

27. Otto took the Photograph because it was both newsworthy and remarkable that the President of the United States suddenly appeared at his friend's wedding.

28. After taking the Photograph, Otto used the photo editing application on his iPhone to modify the image, including cropping, color correction, and contrast.

29. Otto's name "Jonathan Otto" was automatically entered into the "Copyright" field in the iPhone editing application.

30. After taking the Photograph, Otto texted a copy of the Photograph to one other wedding guest named Sean Burke, who had asked Otto to share the Photograph with him.

31. The Photograph sent to Burke was the version modified by Otto in his photo editing application.

32. Other people at the Wedding also took photographs of President Trump.

**Publication of the Photograph on TMZ – June 11, 2017**

33. On Sunday, June 11, 2017, the day after the Wedding, Otto discovered that the Photograph, in its modified format, had been published to various news websites including TMZ

34. Otto texted Sean Burke, asking "Hey, TMZ & others using my photo abovewithout credit/compensation. You send to anyone? I want my cut". Mr. Burke responded: "Nope! They reached out to kat [another attendee at the Wedding]." A true and correct copy of Otto's 6/11/17 text to Burke is attached hereto as Exhibit B.

35. Otto also tweeted a reply to TMZ's article which read: "This is my original photo @TMZ – where is credit/compensation?  Someone at event with me obviously shared without permission – please DM me."  A true and correct copy of Otto's 6/11/17 tweet to TMZ is attached hereto as Exhibit C.

**Gannett's Infringing Activities - June 12, 2017**

36. On June 12, 2017, the Photograph, or a reproduction thereof, appeared on the Website as part of an article about President Trump's appearance at the Wedding entitled "*President Trump crashes wedding at his N.J. golf club*," at the URL https://www.usatoday.com/story/news/politics/onpolitics/2017/06/12/president-trump-crashes-wedding-his-n-j-golf-club/388354001/. (the "Article").

37. Gannett's Article prominently featured the Photograph directly below the Article's headline.  A true and correct copy of a screenshot of the Photograph as it appears in the Article is attached hereto in Exhibit D.

38. Commercial advertisements were visible at the same URL on www.usatoday.com where the Photograph was displayed.

39. Gannett earned revenue from advertisements that were visible at the same URL on the Website where the Photograph appeared.

40. As part of Gannett's ordinary course of business, Gannett frequently includes photographs of public figures, celebrities and politicians, including President Trump, in articles on the Website.

41. Gannett's use of the Photograph, or a reproduction thereof, on the Website did not credit Otto as the photographer of the Photograph or otherwise attribute the Photograph to Otto.

42. Gannett did not seek Otto's permission to publish the Photograph on the Website.

43. Otto never granted Gannett authorization to copy the Photograph or distribute copies of his image to the public.

44. Otto never granted Gannett authorization to prepare a derivative work based on the Photograph.

45. Prior to publishing the Photograph on the Website, Gannett did not communicate with Otto.

46. Subsequent to publishing the Photograph on the Website, but before this lawsuit was filed, Gannett did not communicate with Otto.

47. Gannett made no attempt to identify the copyright holder of the Photograph prior to publishing the Photograph on the Website.

48. Upon information and belief, Gannett did not consult with counsel regarding the Fair Use doctrine prior to publishing the Photograph on the Website.

49. At the time Gannett published the Photograph on the Website, Gannett had the ability to use other photographs of Trump's attendance at the Wedding.

50. The Article publishes other photographs of President Trump at the Wedding that were not created by Otto.

**Publication of the Photograph By Third Party News Organizations – June 2017**

51. Several third-party news outlets published the Photograph.

52. Many similar images of President Trump at the Wedding also circulated on the internet.

53. Numerous news websites ran articles about Trump's appearance at the Wedding and included photographs and/or video other than, or in addition to, the Photograph. These third-party news articles include, but are not limited to, the following:

    a. Ashley Killough, "Trump crashes New Jersey Wedding," www.cnn.com, June 11, 2017;

    b. Amy B. Wang and Ana Swanson, "President Trump Can't Stop Crashing Parties at His Golf Clubs," www.washingtonpost.com, June 11, 2017;

    c. Jay Willis, "Donald Trump Crashes Strangers' Weddings So He Can Remember What Being Loved Feels Like," www.gq.com, June 12, 2017;

    d. "President Trump: Wedding Crasher," www.TMZ.com, June 11, 2017;

    e. Liam Quinn, "Donald Trump crashes wedding at this New Jersey golf club," www.dailymail.co.uk, July 19, 2017;

    f. Patricia Madek, "Trump plays wedding crasher at New Jersey ceremony," www.phillyvoice.com, June 12, 2017.  [SF ¶ 47]

**Copyright Registration of the Photograph – June 12, 2017**

54. On Monday, June 12, 2017, Otto retained the Liebowitz Law Firm, PLLC (the "Firm") to enforce his rights in the Photograph against the media companies who published the Photograph without permission, credit or compensation.

55. The Firm obtained a copyright registration of the Photograph on Otto's behalf.  A true and correct copy of the registration, bearing no. VA 2-055-309, is attached hereto as Exhibit E (the "309 Registration")

56. Otto is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto

**Certified Deposit Copy From U.S. Copyright Office – May 10, 2018**

57. On May 10, 2018, the U.S. Copyright Office issued a Certified Deposit Copy showing that the Photograph is on deposit with the 309 Registration.  Attached hereto as Exhibit F

is a true and correct copy of the Certified Deposit Copy issued by the Copyright Office.

**Otto's Infringement Suits Against Third Party News Organizations**

58. Including the present action, Otto has filed at least five copyright infringement lawsuits in this District based on the unauthorized use of the Photograph.

59. On June 22, 2017, Otto filed suit against Warner Brothers Entertainment, Inc. ("Warner Bros."), captioned *Otto v. Warner Bros. Entertainment, Inc.*, No. 1:17-cv-04763 (LTS-SN), alleging that Warner Brothers infringed the Photograph. This case settled and the parties filed a Stipulation of Dismissal on October 30, 2017.

60. On August 21, 2017, Otto filed suit against CBS Broadcasting, Inc. ("CBS"), captioned *Otto v. CBS Broadcasting, Inc.*, No. 1:17-cv-06351 (SHS), alleging that CBS infringed the Photograph. This case settled and an Order of Dismissal was entered on December 19, 2017.

61. On November 5, 2017, Otto filed suit against Altaba Inc. ("Altaba"), captioned *Otto v. Altaba Inc*, No. 1:17-cv-08550 (VEC), alleging that Altaba infringed the Photograph. This case settled, as indicated by the Order entered on January 18, 2018.

62. On January 12, 2017, Otto filed suit against Associated Newspapers, Inc., captioned *Associated Newspapers (U.S.A.) Limited*, No. 1:18-cv-00338 (RJS), alleging that ANI infringed the Photograph. On February 16, 2018, Otto advised the court that the case has settled in principle.

**Gannett's Post-Filing Takedown of the Photograph**

63. Subsequent to filing of this lawsuit against Gannett, Otto discovered via counsel that Gannett had removed the Photograph from the Article. Attached as <u>Exhibit G</u> is a true and correct copy of a screenshot of the Article as it appears on June 29, 2018 at the same URL where the Article originally appeared on June 12, 2017.

64. Aside from Gannett's removal of the Photograph in response to this lawsuit, the Article otherwise remains intact, including other photographs of President Trump crashing the Wedding that were not created by Otto. Attached as <u>Exhibit G</u> is a true and correct copy of the Article (accessed as of June 29, 2018).

65. Gannett's post-filing takedown of the Photograph (but not the entire Article) demonstrates that Gannett's pre-filing use of the Photograph in the Article was not necessary to convey its message.

**Otto's Licensing History**

66. In Otto's infringement suit against Warner Brothers Entertainment Inc., which involved TMZ's unauthorized use of the Photograph, Otto entered into a licensing agreement with Warner Brothers which authorized it to display the Photograph on TMZ's website (the "Licensing Agreement"). The Licensing Agreement was attached as an exhibit to Otto's settlement agreement with Warner Brothers.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST GANNETT)**
**(17 U.S.C. §§ 106, 501)**

67. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-66 above.

68. Gannett infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.

69. Gannett is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

70. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501

of the Copyright Act, 17 U.S.C. §§ 106 and 501.

71. Upon information and belief, the foregoing acts of infringement by Gannett have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

72. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

73. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

74. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Gannett be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
June 29, 2018

                                            LIEBOWITZ LAW FIRM, PLLC
By: /s/Richard Liebowitz
    Richard P. Liebowitz
    James H. Freeman
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Jonathan Otto*