UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OTTO,<br><br>       Plaintiff,<br><br>v.<br><br>GANNETT SATELLITE INFORMATION NETWORK, LLC,<br><br>       Defendant. | Docket No. 18-cv-2539(JFK)<br><br>**ANSWER** |

Defendant Gannett Satellite Information Network, LLC ("Gannett") hereby states for its Answer and Affirmative Defenses to Plaintiff Jonathan Otto's ("Plaintiff") First Amended Complaint, Dkt. No. 18, ("the FAC"):

## NATURE OF THE ACTION

1. Gannett admits that Plaintiff purports to assert a claim under the Copyright Act, but denies that Plaintiff is entitled to any such relief. Gannett denies all remaining allegations in Paragraph 1 of the FAC.

## JURISDICTION AND VENUE

2. Paragraph 2 contains a legal conclusion for which no response is required. Gannett further states that it does not contest the Court's jurisdiction.

3. Paragraph 3 contains a legal conclusion for which no response is required. Gannett further states that it does not contest the Court's jurisdiction.

4. Paragraph 4 contains a legal conclusion for which no response is required. Gannett further states that it does not contest venue before this Court.

## PARTIES

**Plaintiff Jonathan Otto**

5. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 5 of the FAC.

6. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 6 of the FAC.

**Defendant Gannett**

7. Gannett states that it is a limited liability corporation organized under the laws of the State of Delaware, with a place of business at 1633 Broadway, New York, New York 10019.

8. Gannett states that it is registered to conduct business in the State of New York as a foreign limited liability company.

9. Gannett states that the website at the URL "www.USAToday.com" is owned and operated by Gannett and/or its agents and affiliates.

10. Gannett states that it is a limited liability corporation organized under the laws of the State of Delaware.

11. Gannett states that its business includes, among other activities, the publication of *USA Today*, one of the country's leading daily newspapers.

12. Gannett states that, as part of its business operating *USA Today*, the newspaper sometimes licenses photographs, including from photographers, for use in the newspaper.

13. Gannett states that, as part of its business operating *USA Today*, the newspaper sometimes licenses photographs, including from photographers, for use on the *USA Today* website.

14. Gannett states that it employs individuals as in-house counsel with knowledge of various legal fields including copyright. Gannett, however, lacks knowledge or information sufficient to form a belief about Plaintiff's use of the phrase "knowledgeable about copyright law" and therefore denies all remaining allegations in Paragraph 14 of the FAC.

15. Gannett states that, from time to time, it retains outside counsel with knowledge of various legal fields including copyright. Gannett, however, lacks knowledge or information sufficient to form a belief about Plaintiff's use of the phrase "knowledgeable about copyright law" and therefore denies all remaining allegations in Paragraph 15 of the FAC.

16. Gannett states that it employs editors and other employees who sometimes license works for publication. Gannett, however, lacks knowledge or information sufficient to form a belief about Plaintiff's use of the phrase "knowledgeable about licensing practices in the publishing industry" and therefore denies all remaining allegations in Paragraph 16 of the FAC.

17. Gannett lacks knowledge or information sufficient to form a belief about Plaintiff's use of the phrase "written standards or practices" in the context of this paragraph of the FAC and therefore denies the allegations in Paragraph 17 of the FAC.

18. Gannett admits that it maintains subscription-based access to Getty Images, and that the Getty Images library includes photographs of Donald Trump. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, remaining the allegations in Paragraph 18 of the FAC.

19. Gannett states that, as part of its business operating *USA Today*, the newspaper from time to time pays licensing fees for individual photographs from photo services.

20. Gannett states that *USA Today* does, from time to time, publish news articles without accompanying photographs.

21. Gannett states that it has been named as a defendant in at least three lawsuits filed in this district dating back to 2016, but denies that any such lawsuit resulted in a finding of liability against Gannett for copyright infringement. Gannett denies all remaining allegations in Paragraph 21 of the FAC.

**STATEMENT OF FACTS**

**The Wedding — June 10, 2017**

22. Admitted.

23. Admitted.

24. Admitted.

25. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 25 of the FAC.

**Otto's Photograph of President Trump**

26. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 26 of the FAC.

27. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 27 of the FAC.

28. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 28 of the FAC.

29. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 29 of the FAC.

30. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 30 of the FAC.

31. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 31 of the FAC.

32. Admitted.

**Publication of the Photograph on TMZ — June 11, 2017**

33. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 33 of the FAC.

34. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 34 of the FAC.

35. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 35 of the FAC.

**Gannett's Infringing Activities — June 12, 2017**

36. Gannett admits that an article titled "*President Trump Crashes Wedding at his N.J. Gold Club*" appeared on the *USA Today* website on or about June 12, 2017 (the "Article"), and refers to the Article for a complete and accurate statement of its contents. Gannett denies all remaining allegations in Paragraph 36 of the FAC.

37. Gannett refers to the Article for a complete and accurate statement of its contents and otherwise denies all remaining allegations in Paragraph 37 of the FAC.

38. Gannett admits that commercial advertisements appear on the *USA Today* website, including the webpage on which the Article was published.

39. Gannett admits that it earns revenue in part from commercial advertisements appearing on the *USA Today* website, including those appearing on the website on which the Article was hosted. Gannett denies, however, that any such revenue was directly attributable to the photograph at issue in this case.

40. Gannett admits that, as part of its business operating *USA Today*, the newspaper and its accompanying website uses photographs of public figures, celebrities, and politicians including President Trump.

41. Gannett refers to the Article for a complete and accurate statement of its contents and otherwise denies all remaining allegations in Paragraph 41 of the FAC.

42. Gannett admits that it did not seek Plaintiff's permission, but denies that any such permission was necessary in order for Gannett to use the photograph at issue in this case.

43. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 43 of the FAC.

44. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 44 of the FAC.

45. Gannett admits that it did not communicate with Plaintiff prior to the publication of the Article, but denies that it had any obligation to do so.

46. Gannett admits that it did not communicate with Plaintiff following the publication of the Article and prior to the filing of this action, but denies that it had any obligation to do so.

47. Gannett denies the allegations in Paragraph 47 of the FAC.

48. Gannett declines to answer the allegations in Paragraph 48 of the FAC on the grounds that to do so could result in the disclosure of information subject to the attorney-client privilege, work product doctrine, or other evidentiary privilege. To the extent any answer is required, Gannett denies the allegations in Paragraph 48 of the FAC while reserving all rights.

49. Gannett admits that other photographs of President Trump were taken during his appearance at the Wedding Reception. Gannett, however, lacks knowledge or information

sufficient to form a belief about Plaintiff's use of the phrase "ability to use other photographs" and therefore denies all remaining allegations in Paragraph 49 of the FAC.

50. Gannett refers to the Article for a complete and accurate statement of its contents and otherwise denies all remaining allegations in Paragraph 50 of the FAC.

**Publication of the Photograph by Third Party News Organizations — June 2017**

51. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 51 of the FAC.

52. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 52 of the FAC.

53. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 53, including sub-parts a–f, of the FAC.

**Copyright Registration of the Photograph — June 12, 2017**

54. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 54 of the FAC.

55. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 55 of the FAC.

56. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 56 of the FAC.

**Certified Deposit Copy from U.S. Copyright Office — May 10, 2018**

57. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 57 of the FAC.

**Otto's Infringement Suits Against Third Party News Organizations**

58. Gannett admits that Plaintiff has filed the present lawsuit in this district, but Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the remaining allegations in Paragraph 58 of the FAC.

59. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 59 of the FAC.

60. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 60 of the FAC.

61. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 61 of the FAC.

62. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 62 of the FAC.

**Gannett's Post-Filing Takedown of the Photograph**

63. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 63 of the FAC, except refers to the Article for a complete and accurate statement of its contents.

64. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 64 of the FAC, except refers to the Article for a complete and accurate statement of its contents.

65. Gannett denies the allegations in Paragraph 65 of the FAC.

**Otto's Licensing History**

66. Gannett lacks knowledge or information sufficient to form a belief with respect to, and therefore denies, the allegations in Paragraph 66 of the FAC.

# CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST GANNETT)
### (17 U.S.C. §§ 106, 501)

67. Gannett incorporates by reference its responses to paragraphs 1-66 of the FAC.

68. Gannett denies the allegations in Paragraph 68 of the FAC.

69. Gannett admits that it did not obtain a license from Plaintiff to use the photograph at issue in this lawsuit, but denies that any such authorization was required. Gannett denies the remaining allegations in Paragraph 69 of the FAC.

70. Gannett denies the allegations in Paragraph 70 of the FAC.

71. Gannett denies the allegations in Paragraph 71 of the FAC.

72. Gannett denies the allegations in Paragraph 72 of the FAC.

73. Gannett denies the allegations in Paragraph 73 of the FAC.

74. Gannett denies the allegations in Paragraph 74 of the FAC.

## ANSWER TO PRAYER FOR RELIEF

Gannett denies that Plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the First Amended Complaint. Gannett denies all allegations, declarations, claims or assertions in the First Amended Complaint that are not specifically admitted in this Answer.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without altering the burden of proof, Gannett asserts the defenses set forth below. These defenses are asserted based upon Gannett's preliminary investigation of the asserted allegations, which is not yet complete and will remain so pending discovery in this matter. Gannett therefore reserves all affirmative defenses under Fed. R. Civ. P. 8(c), and any other defense at law or equity that may now exist or in the future be available based on discovery and further investigation.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Fair Use under 17 U.S.C. § 107)

2. Gannett's use of the photograph at issue in this case was a protected fair use under Section 107 of the Copyright Act.

### THIRD AFFIRMATIVE DEFENSE
### (Standing)

3. Plaintiff lacks standing to bring this action and/or his claims are barred in whole or in part due to the absence of a valid copyright registration covering the allegedly infringed materials.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

4. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Justification)

5. Gannett's actions were justified and/or taken in good faith and were not willful, intentional or purposeful.

## FIFTH AFFIRMATIVE DEFENSE
**(Authorization)**

6. Plaintiff's claims are barred in whole or in part on the grounds that the allegedly infringing use of the photograph was licensed or otherwise authorized by persons or entities with the actual right or apparent authority to license or authorize such use.

**WHEREFORE,** Defendant Gannett Satellite Information Network LLC respectfully requests that the Court enter judgment against Plaintiff:

- A. dismissing Plaintiff's First Amended Complaint in its entirety with prejudice;
- B. awarding Defendant its reasonable costs and attorneys' fees; and
- C. awarding Defendant such other and further relief as the Court deems just and proper.

Dated: July 13, 2018

**FRANKFURT KURNIT KLEIN & SELZ P.C.**

By: _/s/ Edward H. Rosenthal_
Edward H. Rosenthal
Andrew J. Ungberg
488 Madison Avenue, 10th Floor
New York, New York 10022
Tel: 212-980-0120
erosenthal@fkks.com
aungberg@fkks.com

*Attorneys for Defendant Gannett Satellite Information Network LLC*